UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RAYMON SELLERS, | No. 2:20-cv-01787 WBS AC |
| Plaintiff, | |
| v. | ORDER |
| JIN R. WONG; WONDA Y. WONG; JANICE WONG; JANET WONG, | |
| Defendants. | |

----oo0oo----

Plaintiff seeks to amend his First Amended Complaint (Docket No. 18) to "allege all barriers to Plaintiff's access which presently exist" at the Stagecoach Restaurant. (Mem. in Support of Pl.'s Mot. to Amend at 2 (Docket No. 31-1).) The parties were referred to VDRP in June of 2021 during which time the matter was stayed. (Docket No. 25.) Plaintiff claims that on November 3, 2021, after the parties unsuccessfully completed the VDRP process and after the court issued its Status (Pretrial) Scheduling) Order (Docket No. 30), plaintiff inspected the

1

1 Stagecoach Restaurant property again and found that certain
2 barriers previously alleged had been "remediated," and others
3 remained or had been created.  (Mem. in Support of Pl.'s Mot. to
4 Amend at 4.)
5          Generally, a motion to amend is subject to Rule
6 15(a)(2) of the Federal Rules of Civil Procedure.  However,
7 because a Status (Pretrial Scheduling) Order was issued on
8 September 22, 2021, (Docket No. 30), Rule 16 of the Federal Rules
9 of Civil Procedure controls instead.  Johnson v. Mammoth
10 Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).
11 Under Rule 16(b), a party seeking leave to amend must demonstrate
12 "good cause."  Fed. R. Civ. P. 16(b).  Rule 16(b)'s 'good cause'
13 standard primarily considers the diligence of the party seeking
14 the amendment."  Johnson, 975 F.2d at 609.
15          If good cause is found, the court then turns to Rule
16 15 to determine whether the amendment sought should be granted.
17 Id. at 608.  Leave should not be granted under Rule 15 if
18 amendment (1) would cause prejudice to the opposing party, (2) is
19 sought in bad faith, (3) creates undue delay, or (4) is futile.
20 Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th
21 Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).
22          Here, the court finds that plaintiff has satisfied both
23 Rule 16 and 15.  Plaintiff's re-inspection of the property
24 approximately a month after the court issued its Status (Pretrial
25 Scheduling) Order does not constitute an undue delay.
26 Plaintiff's proposed amendments may actually serve to help both
27 sides litigate the actual barriers which may exist at the
28 property, rather than litigating barriers that no longer exist

1  and later having to litigate the ones that have been newly added,
2  which will "eliminate [] piecemeal litigation."  See Chapman v.
3  Pier 1 Imports (U.S) Inc., 631 F.3d 939, 953 (9th Cir. 2011).
4          Any prejudice to defendants can be avoided by extending
5  the deadlines set forth in the court's Status (Pre-Trial
6  Scheduling) Order (Docket No. 30).  Accordingly, the schedule
7  previously set is modified as follows.  The deadline to disclose
8  experts and produce reports is extended to March 11, 2022.  The
9  deadline for disclosure of rebuttal experts and reports is
10 extended to April 8, 2022.  The close of discovery is extended to
11 May 6, 2022.
12         All motions, except motions for continuances, temporary
13 restraining orders, or other emergency applications, shall be
14 filed on or before June 17, 2022.
15         The Final Pre-Trial Conference is reset for August 29,
16 2022 at 1:30 p.m.
17         The trial is reset for November 1, 2022 at 9:00 a.m.
18         No further depositions of Jin Wong or Michael Andrews
19 shall be taken without leave of court for good cause shown.
20         Plaintiff's motion for leave to file his Second Amended
21 Complaint (Docket No. 31) is GRANTED upon the foregoing
22 conditions, and plaintiff shall file said complaint within seven
23 court days from the date this Order is filed.
24         IT IS SO ORDERED.
25 Dated:  January 11, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3