UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMON SELLERS, | No. 2:20-cv-01787 WBS AC |
| Plaintiff, | |
| v. | ORDER |
| DERRICK STEVENS dba STAGECOACH RESTAURANT, et al., | |
| Defendants. | |

Before the court is plaintiff Raymon Sellers' motion for an order requiring non-party witness Michael Andrews ("Andrews") to show cause why he should not be held in civil contempt for failing to produce documents which were subpoenaed. ECF No. 37. For the reasons explained below, the motion is DENIED.

BACKGROUND

Plaintiff asserts that defendant identified Mr. Andrews as a witness in this case, and that on November 13, 2021, Andrews was served with a notice of subpoena for documents and deposition. ECF No. 37 at 2. Andrews appeared for a remote deposition from his home office on December 3, 2021, but did not produce documents. Id. The parties agreed, due to the lack of documents and technical difficulties, to continue the deposition until after the documents were produced. ECF No. 37 at 7. Following the deposition the parties met and conferred on December

1

10, 2021, and January 10, 2022.  Id.  Nonparty Andrews, specially appearing through counsel, asserts the request to hold him in civil contempt is improper for several reasons, including that plaintiff seeks what amounts to expert reports, and that the documents are equally readily available from defendants.  ECF No. 39.

## DISCUSSION

A district court has authority "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other ... (1)[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; ... [or] (3)[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (emphasis added). "[M]isbehavior punishable under section 401(1) must be willful ... and must actually obstruct the district judge in the performance of his judicial duties." United States v. Thoreen, 653 F.2d 1332, 1339 (9th Cir. 1981) (citations and internal quotation marks omitted).  Additionally, "[o]ne may be found in contempt for disobeying an order pursuant to section 401(3) only if the order is clear and definite, and the contemnor has knowledge of it." Id. (citation and internal quotation marks omitted).

Here, plaintiff has not cited any order of the court that nonparty Andrews has violated, nor identified behavior amounting to an attempt to obstruct the administration of justice or the disrupt the performance of judicial duties.  Plaintiff did not bring a motion to compel; instead, he asks the court to consider holding Mr. Andrews in civil contempt.  Even assuming the truth of the facts supplied in plaintiff's motion and construing every potential ambiguity in favor of plaintiff, Mr. Andrews' failure to produce documents would not warrant an immediate leap to civil contempt. Thus, the undersigned declines to use her discretion to issue an order to show cause regarding such sanctions.

The motion at ECF No. 37 is DENIED.

IT IS SO ORDERED.

DATED: March 10, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE